William Nelson BLANKENSHIP, Appellant,

v.

MAJESTIC COLLIERIES COMPANY, Appellee.

Court of Appeals of Kentucky.

Feb. 25, 1966.

Dan Jack Combs, Pikeville, for appellant.

John M. Stephens, Pikeville, for appellee.

PALMORE, Judge.

The appellant, Blankenship, brought this action against the appellee coal company, his former employer, for breach of its obligation under a contract with the United Mine Workers, of which he was a member, to "provide the protection and coverage of the benefits under Workmen's Compensation and occupational disease laws, whether compulsory or elective," existing in the state of employment, which in his instance was Kentucky. He appeals from a judgment dismissing the complaint on the principal ground that his exclusive remedy was by way of a claim before the Workmen's Compensation Board under KRS Chapter 342 and on the further ground of limitations.

Blankenship had worked in the company's mines for 20 years. The complaint alleges, and it may be assumed for purposes of this discussion, that he developed the occupational disease of silicosis and was thereby disabled and forced to terminate his employment in April of 1956. At that time KRS 342.005(2) provided that the coverage of workmen's compensation could be extended to silicosis by a joint voluntary application to the board by the employer and employe.

In the absence of such an election silicosis was not covered. Blankenship's employment with the company was within the general coverage of the workmen's compensation law, and on January 1, 1956, the company posted on its premises a notice to the effect that it had accepted the provisions of the Act "covering silicosis occupational diseases (silicosis)." However, as of April, 1956, when Blankenship's employment ceased, it had not followed through with an application under KRS 342.005(2), and when his counsel made inquiry of the board he was advised that the joint election required for silicosis coverage had not been filed.

This suit was commenced on June 6, 1961, by the filing of a complaint in the Pike Circuit Court. Meanwhile, on January 24, 1958 (rehearing denied March 21, 1958), in Dick v. International Harvester Company, Ky., 310 S.W.2d 514, it had been decided by a 4–3 vote that under similar circumstances an employer was estopped to defend a silicosis claim before the board on the ground of non-coverage.

The difference between this and the *Dick* case is that the *Dick* case was a compensation proceeding whereas this is a common law suit for breach of contract. Both sides agree that the instant case is on all fours with Reliford v. Eastern Coal Corporation, 6 Cir., 260 F.2d 447 (1958), in which the federal appellate court for this circuit held (Judge Miller dissenting) that it does not follow from the *Dick* case that the employe cannot sue at common law. The majority opinion in *Reliford* held that where the employer had violated its contract by failing to make the election for silicosis coverage the employe "had a choice between the remedy under the Workmen's Compensation Act and under the common law" and "was not compelled, either by the contract * * * or under the law of Kentucky, to come within the operation of the statute." 260 F.2d at page 458.

Conceding that a forceful argument to the contrary can be and was made in the dissenting opinion in *Reliford*, we are not persuaded that *Dick* and *Reliford* are inconsistent. The result in *Dick* is predicated clearly and unequivocally on estoppel, which, of course, is not a cause of action but a defense. In effect, the *Dick* opinion says that when the employe files his claim with the board stating that his disability is within the coverage of the Act, the question of jurisdiction cannot be raised. Since

it cannot be raised it is never reached, never in issue, and is moot. That a claimant may have an estoppel which, if asserted, would serve to insulate him from the jurisdictional question in the event he should choose to assert a compensation claim does not demand a conclusion that under KRS 342.015 that remedy is exclusive. As in *Reliford*, we hold that it is not exclusive, and the claimant may have his common law remedy for breach of contract.

The limitations prescribed by KRS 342.185 and KRS 342.316(3) apply only to proceedings before the board. KRS 413.140 (1) applies to actions for personal injury. This action, being on a written contract, is governed by the 15-year statute, KRS 413.090(2).

The cause is reversed for further proceedings.